UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

02-60459

CIV-GRAHAM

REP. CORRINE BROWN, REP. ALCEE
HASTINGS, REP. CARRIE MEEK, and
SALLIE STEPHENS,

    Plaintiffs,

MAGISTRATE JUDGE
GARBER

vs.

STATE OF FLORIDA, JEB BUSH,
Governor of the State of Florida; ROBERT
BUTTERWORTH, Attorney General of the
State of Florida; KATHERINE HARRIS,
Secretary of State for the State of Florida;
TOM FEENEY, Speaker of the House of
Representatives; JOHN MCKAY, President of
the Florida Senate; MITCHELL CEASAR,
Chairman of Broward County Democratic
Executive Committee; and GEORGE LEMIEUX,
Chairman of the Broward County Republican
Executive Committee,

    Defendants.
_____/



## NOTICE OF REMOVAL

Defendant, Tom Feeney, Speaker of the House of Representatives ("the Speaker"), by and through his undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

{M1777825;1}



*Brown v. Florida*
Case No. _____

1.  On or about March 28, 2002, Corrine Brown, Alcee Hastings, and Sallie Stephens ("Plaintiffs"), filed their complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Brown v. State of Florida*, Case No. 02-06106 (hereinafter referred to as the "Circuit Court Action"). In their Complaint, Plaintiffs challenge the congressional redistricting plan enacted by the Florida Legislature on March 22, 2002, based upon, *inter alia*, the Voting Rights Act of 1965: "The Voting Rights Act of 1965 prohibits enactment of any redistricting plan that would deny or abridge the right to vote based on race or ethnicity." Complaint at ¶10. A true and correct copy of the complaint filed in the Circuit Court Action are attached hereto as Exhibit A.

2.  This action is a civil action in which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' challenge to the congressional redistricting plan adopted by the Florida Legislature on March 22, 2002, arises under the Constitution and laws of the United States.

3.  For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

4.  This Notice of Removal is filed within thirty (30) days after the date on which the named defendant, the Speaker, first received notice of the Circuit Court Action in accordance with 28 U.S.C. § 1446(b). No Defendant has been served, and by this filing, the Speaker waives service, effective this date.

5.  The Speaker will give written notice of the filing of this notice to Plaintiffs as required by 28 U.S.C. § 1446 (d).

*Brown v. Florida*
Case No. _____

6. A copy of this notice will be filed with the clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446 (d).

WHEREFORE, Petitioner, Tom Feeney, Speaker of the Florida House of Representatives, respectfully requests that this action be removed.

Respectfully submitted,

| | |
|---|---|
| **MIGUEL DE GRANDY, P.A.**<br>The Miami Center<br>201 South Biscayne Boulevard<br>Miami, Florida 33186<br>Tel.: 305-374-6565<br>Fax: 305-374-8743<br><br>By: _/s/_<br>Miguel A. De Grandy, Esq.<br>Florida Bar No. 332331<br>E-mail mad@degrandylaw.com<br><br>Date:  April 3, 2002 | **AKERMAN, SENTERFITT & EIDSON, P.A.**<br>SunTrust International Center, 28th Floor<br>One Southeast Third Avenue<br>Miami, Florida 33131-1704<br>Tel.: 305-374-5600<br>Fax: 305-374-5095<br><br>By: _/s/_<br>Joseph W. Hatchett, Esq.<br>Florida Bar No. 34486<br>E-mail jhatchett@akerman.com<br>J. Thomas Cardwell, Esq.<br>Florida Bar No. 099080<br>E-mail tcardwell@akerman.com<br>Christopher S. Carver, Esq.<br>Florida Bar No. 993580<br>E-mail ccarver@akerman.com<br><br>Date:  April 3, 2002 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of *Notice of Removal* were served by fax and U.S. mail this 3rd day of April, 2002, on:

Ephraim R. Hess, Esq.
Colleen Kathryn O'Loughlin, Esq.
Hess & O'Loughlin, P.A.
Post Office Box 460505
Ft. Lauderdale, FL 33346-0505
Tel.: 954-942-5577
Fax: 954-252-4536

W. George Allen, Esq.
800 S.E. Third Avenue
Ft. Lauderdale, FL 33316
Tel.: 954-463-6681
Fax: 954-463-6685

J. Gerald Hebert, Esq.
5019 Waple Lane
Alexandria, VA 22304
Tel.: 703-567-5873
Fax: 703-567-5876

*Counsel for Plaintiffs*

_____
Attorney

{MI777825;1}

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

REP. CORRINE BROWN, REP. ALCEE
HASTINGS, REP. CARRIE
MEEK, and SALLIE STEPHENS,

    Plaintiffs,

vs.

Case No. 02-06106

STATE OF FLORIDA, JEB BUSH, Governor
of the State of Florida; ROBERT
BUTTERWORTH, Attorney General of the
State of Florida; KATHERINE HARRIS,
Secretary of State for the State of Florida;
TOM FEENEY, Speaker of the House of
Representatives; JOHN MCKAY, President of
the Florida Senate; MITCHELL CEASAR,
Chairman of Broward County Democratic
Executive Committee; and GEORGE LEMIEUX,
Chairman of the Broward County Republican
Executive Committee,

    Defendants.

_____/

## COMPLAINT

1.    Plaintiffs Corrine Brown, Alcee Hastings, Carrie Meek and Sallie Stephens have brought this action to enforce rights guaranteed to them under the Florida Constitution. As registered Democrats in the State of Florida, the Plaintiffs have exercised, and wish to continue exercising, their right to vote for their preferred candidates for United States Representatives. The Florida Legislature, however, has deliberately redrawn district lines to maximize the number of Republicans likely to be elected in the 2002 congressional elections. While political concerns usually play some role in the redistricting process, such partisan gerrymandering, in which partisan concerns have predominated over other traditional redistricting principles, violates the



Case 0:02-cv-60459-AJ Document 1 Entered on FLSD Docket 04/03/2002 Page 7 of 16

Rep. Corrine Brown, Rep. Alcee Hastings, Rep. Carrie Meek, and Sallie Stephens v. State of Florida, et al.
Complaint

Florida Constitution. The congressional redistricting plan also improperly dilutes the power and influence of African American voters in violation of the Florida Constitution.

## Parties

2. Plaintiff CORRINE BROWN is a Member of Congress who resides in the City of Jacksonville, in the Third Congressional District of Florida.

3. Plaintiff ALCEE HASTINGS is a Member of Congress who resides in Miramar, in the Twenty-third Congressional District of Florida.

4. Plaintiff CARRIE MEEK is a Member of Congress who resides in the City of Miami, in the Seventeenth Congressional District of Florida.

5. Plaintiff SALLIE STEPHENS is a registered voter who resides in the City of Miramar in the Twentieth Congressional District of Florida.

6. Defendants are the State of Florida and officials thereof who have duties and responsibilities under the laws of the state in connection with congressional redistricting in Florida following the release of the decennial census. Defendant STATE OF FLORIDA is a state of the United States of America. Defendant JEB BUSH is the Governor of the State of Florida and chief executive officer of the State of Florida. Defendant BUSH has authority to sign into law bills that have been enacted by the Florida Legislature. Defendant ROBERT BUTTERWORTH is the Attorney General for the State of Florida and the chief legal officer of the State of Florida. Among other duties and responsibilities, Defendant, BUTTERWORTH has authority to make submissions on behalf of the State of Florida of redistricting plans to either the United States District Court for the District of Columbia or the United States Attorney General under the preclearance provisions of the Voting Rights Act, 42 U.S.C. 1973c. Defendant

Rep. Corrine Brown, Rep. ̄ ̄ ̇ Hastings, Rep. Carrie Meek, and Sam ̇ ephens v. State of Florida, et al.
Complaint

---

KATHERINE HARRIS is Secretary of State of Florida and is responsible under the laws of the state for overseeing the conduct of elections. Defendant TOM FEENEY is the Speaker of the Florida House of Representatives, and is ultimately responsible for the manner in which the Florida House conducts the redistricting process. Defendant JOHN MCKAY is the President of the Florida Senate, and is ultimately responsible for the manner in which the Florida Sentate conducts redistricting. Defendant MITCHELL CEASAR is the Chairman of the Broward County Democratic Executive Committee, and has various duties and responsibilities associated with conducting elections in Broward County, Florida. Defendant GEORGE LEMIEUX is the Chairman of the Broward County Republican Executive Committee, and has various duties and responsibilities associated with conducting elections in Broward County, Florida. Defendants BUSH, BUTTERWORTH, HARRIS, FEENEY, MCKAY, CEASAR, and LEMIEUX are sued in their official capacities.

### Basis of Claims

7. On March 22, 2002, largely on a straight party-line vote in the Florida state Senate and in the Florida State House of Representatives, the Republican majorities in the Florida legislative chambers passed a congressional redistricting plan ("the Republican plan") that will alter the partisan make-up of Florida's congressional delegation. At present, Florida has eight Democrats and fifteen Republican Representatives in Congress, even though the State is roughly even in terms of Democrat and Republican voting strength in federal elections. Under the new congressional plan, Florida is likely to have, at most, eight Democratic Representatives and seventeen Republican Representatives. (As a result of the 2002 census, Florida is now entitled to twenty-five congressional seats). Thus, based entirely on redrawing of district lines, the number

3

Rep. Corrine Brown, Rep. ~ ‚ Hastings, Rep. Carrie Meek, and Sau. :ephens v. State of Florida, et al.
Complaint

---

of Democratic Representatives is likely to decrease as a share of the State's congressional delegation.

8.      In passing the Republican congressional map, the Republicans deviated from their self-professed goal of drawing districts in a fair manner. Because they could not achieve their desired partisan ends consistent with their self-professed goal of drawing a map that was politically fair, the Republicans abandoned their claimed goal of political and racial fairness.

9.      The Republican congressional redistricting plan enacted on March 22, 2002, subordinated traditional redistricting principles of compactness, preserving the core of existing districts, preserving and recognizing communities of shared interests, and providing for racial and political fairness to partisan gain. Indeed, partisanship was the dominant motivation for the Republican plan. To the extent that the Florida Legislature sought to protect incumbents, it did so in a blatantly biased manner, making changes in districts to help Republican officeholders while weakening Democratic voting strength in districts represented by Democratic officeholders.

10.     Federal law requires a deliberative process in redistricting. The Voting Rights Act of 1965 prohibits enactment of any redistricting plan that would deny or abridge the right to vote based on race or ethnicity. In reviewing a Florida redistricting plan under the Voting Rights Act, the Justice Department (or the District Court for the District of Columbia) will consider the "extent to which the [Florida Legislature] followed objective guidelines and fair and conventional procedures" in enacting the new map, the "extent to which the [Legislature] afforded members of racial and language minority groups an opportunity to participate" in the decision-making process, and the "extent to which the [Legislature] took the concerns of

4

Case 0:02-cv-60459-AJ  Document 1  Entered on FLSD Docket 04/03/2002  Page 10 of 16

Rep. Corrine Brown, Rep. Alcee Hastings, Rep. Carrie Meek, and Salli Stephens v. State of Florida, et al.
Complaint

members of racial and language minority groups into account." 28 C.F.R. 51.17. A process that departs from normal legislative procedures and excludes African Americans and other minorities from full participation risks rejection by the Justice Department or the D.C. District Court.

11. The partisan motivation for the Republican plan is further emphasized by the manner in which that plan was developed in the Legislature with little opportunity for evaluation or presentation of alternative plans. Initially, Republicans appeared to recognize and understand the value that Florida and federal law places on deliberation and public participation in the redistricting process. When the census data were released in March 2001, the Republican leadership of the Florida Legislature announced a process that included public hearings across Florida. The Republican leadership later abandoned its proposal for a deliberative process, largely ignored the public comments for congressional redistricting, and instead pursued the enactment of a plan in a manner that allowed little time for interested parties to engage in the complicated process of drawing maps and ensuring that they complied with all of the necessary legal requirements.

12. Republicans provided little time for consideration of its own redistricting plan. Republicans in the Florida Senate revealed a new congressional map on March 21, 2002, just one day before the end of the legislative session. The congressional plan released by Senate Republicans on March 21, 2002, was different from the plan that had been approved by the Senate Redistricting Committee earlier in the legislative session. No public hearings were held on the March 21 plan proposed by the Florida Senate, and interested parties thus had no opportunity to comment on it or to have meaningful input into the plan.

13. The Florida House approved the Senate's version of the congressional map on March 22,

Case 0:02-cv-60459-AJ    Document 1    Entered on FLSD Docket 04/03/2002    Page 11 of 16

Rep. Corrine Brown, Rep. A    e Hastings, Rep. Carrie Meek, and Sam    ephens v. State of Florida, et al.
Complaint

2002, the same day it was sent over to the Florida House by the State Senate. The votes in favor of the Republican plan largely divided along party lines and left no opportunity for interested parties to have meaningful input or comment on the proposed congressional plan. The fact that the Republican leadership in the Florida Legislature pushed through a new plan in the last two days of the legislative session shows that Republicans short-circuited the deliberative process. In fact, Republicans made clear during the legislative session in press reports that they intended to use their control of the Florida legislature and governorship to pass a redistricting plan that benefited Republicans. Republicans enacted the new congressional plan because they were under pressure from national Republican officials to achieve partisan gains in Florida that had not been realized in other states. That is what the Florida Republicans did.

14. In the new Republican map, Democratic Presidential candidate Al Gore carried only 8 of the 25 congressional districts. In contrast, Al Gore carried 11 out of the 23 congressional districts under the 1992 plan—a result consistent with Al Gore having obtained approximately 50% of the vote in Florida in the 2000 elections.

15. The Republican plan moves millions of voters needlessly in the state in order to achieve partisan gain, and disrupts millions of Floridians needlessly to produce a plan intended to give Republican officeholders a disproportionate share of the State's congressional seats. In contrast, Democratic alternative plans were more politically fair, more accurately reflected the political makeup of the State, and better respected Florida voters by preserving the cores of existing districts. Republicans rejected Democratic alternative maps on largely a straight party-line vote.

16. In addition to its excessive partisanship, the Republican congressional plan also limits the

Case 0:02-cv-60459-AJ   Document 1   Entered on FLSD Docket 04/03/2002   Page 12 of 16

Rep. Corrine Brown, Rep. A    e Hastings, Rep. Carrie Meek, and Salli    ephens v. State of Florida, et al.
Complaint

power and influence of Florida's African-American citizens. Black voters are marginalized in the new District 23 such that their ability to participate effectively in the political process and to elect candidates of their choice has been diminished in the Republican plan. Similarly, District 3 is drawn in such a manner as to maximize the number of black residents by linking communities that lack common interests, while simultaneously dropping communities from old District 3 that did possess similar qualities. And in Congressional District 17, black voters living in certain precincts are fragmented out of the district and placed in new congressional districts that are controlled by Republicans, thus diminishing the voting strength of these black voters. In addition, District 17 is no longer a district totally within Miami-Dade County, and instead creeps north into lower Broward County picking up over 150,000 new Broward County residents.

17.    Because blacks in Florida tend to vote as a bloc and strongly favor Democrats and because whites in Florida generally tend to vote as a bloc, blacks can only have a significant impact on the nomination and election of a congressman or congresswoman if: (A) they reside in a competitive or Democratic leaning district; and (B) there is a relatively high concentration of blacks among Democratic primary voters. Outside of Jacksonville, Miami-Dade, and Broward County, black voters in large cities such as Tallahassee are placed in a strong Republican district and are isolated from other voters in competitive or Democratic leaning districts. Under Democratic plans, however, these areas are placed in competitive or Democratic leaning districts.

18.    Because blacks in Florida vote overwhelmingly Democratic in congressional elections, the substantial diminution of Democratic voting strength under the Republican plan inherently dilutes the ability of black voters to participate in the political process and to elect candidates of

7

Rep. Corrine Brown, Rep. ... e Hastings, Rep. Carrie Meek, and Sa... tephens v. State of Florida, et al.
Complaint

their choice to Congress.

### Claim I

19. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

20. The facts alleged herein constitute a denial or abridgment of the Plaintiffs' right to vote in violation of Article I, Section 1 and Article VI, Section 1 of the Florida Constitution.

### Claim II

21. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

22. The facts alleged herein constitute a denial to Plaintiffs of the equal protection of the laws as guaranteed to them by Article I, Section 2 of the Florida Constitution.

### Claim III

23. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

24. The facts alleged herein constitute a denial of Plaintiffs' right to privacy, as guaranteed to them Article I, Section 23 of the Florida Constitution.

### Claim IV

25. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

26. The facts alleged herein constitute a denial or abridgement of the Plaintiffs' right to vote on account of race or ethnicity in violation of the Florida Constitution.

### Claim V

27. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

28. The facts alleged herein constitute a denial of the Plaintiffs' freedom of speech and association in violation of the Florida Constitution.

8

Case 0:02-cv-60459-AJ   Document 1   Entered on FLSD Docket 04/03/2002   Page 14 of 16

Rep. Corrine Brown, Rep. ᴉe Hastings, Rep. Carrie Meek, and Sal' ᴉtephens v. State of Florida, et al.
Complaint

### Claim VI

29. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

30. The facts alleged herein constitute a denial of the Plaintiffs' due process rights in violation of the Florida Constitution.

### Claim VII

31. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18, above.

32. The facts alleged herein entitle the Plaintiffs to a declaratory judgment, under Florida Statute, Chapter 86, adjudicating their rights, status, and other equitable or relations hereunder.

### Prayers for Relief

**WHEREFORE**, Plaintiffs pray that this Court enter its Order granting Plaintiffs the following relief:

  a. Assume jurisdiction over this action;

  b. Enter a declaratory judgment that the congressional plan for Florida that the Florida legislature enacted on March 22, 2002, violates Plaintiffs' rights under the Florida Constitution.

  c. Enjoin permanently the Defendants, their officers, agents, employees, attorneys, successors in office, and all persons acting in concert or participation with them, from conducting primary, general, or special elections using the 2002 congressional districting plan or any other plan that violates the Florida Constitution.

  d. Impose by Court Order a new congressional redistricting plan that meets the requirements of the Florida Constitution; and

  e. Grant Plaintiffs such further relief as may be necessary, appropriate, and

Rep. Corrine Brown, Rep. Al Hastings, Rep. Carrie Meek, and Sallie phens v. State of Florida, et al.
Complaint

---

equitable.

Dated: this __28th__ day of March, 2002.

Respectfully submitted,

_COLLEEN KATHRYN O'LOUGHLIN_
Florida Bar No. 0042528

_EPHRAIM R. HESS_
Florida Bar No. 983100
HESS & O'LOUGHLIN, P.A.
P.O. Box 460505
Ft. Lauderdale, FL 33346-0505
Telephone: (954) 942-5577
Facsimile: (954) 942-4536

GEORGE ALLEN
Florida Bar No.001337
Attorney at Law
800 SE 3rd Ave.
Fort Lauderdale, FL. 33316
Telephone: (954) 463-6681
Facsimile: (954) 463-6685

J. GERALD HEBERT
5019 Waple Lane
Alexandria, VA 22304
Telephone: (703) 567-5873
Facsimile: (703) 567-5876

Attorneys for Plaintiffs

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

02-60459
CIV-GRAHAM
MAGISTRATE JUDGE
GARBER

### I(a) PLAINTIFFS
REP. CORRINE BROWN, REP. ALCEE HASTINGS, REP. CARRIE MEEK, and SALLIE STEPHENS

### DEFENDANTS
STATE OF FLORIDA, JEB BUSH, ROBERT BUTTERWORTH, KATHERINE HARRIS, JOHN MCKAY, MITCHELL CEASAR, and GEORGE LEMIEUX

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)
Broward County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ephraim R. Hess, Esq.
Colleen Kathyrn O'Loughlin, Esq.
Hess & O'Loughlin, P.A.
Post Office Box 460505
Ft. Lauderdale, FL 33346-0505
954-942-5577

W. George Allen, Esq.
800 S.E. Third Avenue
Ft. Lauderdale, FL 33316
954-463-6681

J. Gerald Hebert, Esq.
5019 Waple Lane
Alexandria, VA 22304
703-567-5873

ATTORNEYS (IF KNOWN)
Joseph W. Hatchett, Esq.
J. Thomas Cardwell, Esq.,
Christopher S. Carver, Esq.
Akerman, Senterfitt & Eidson, P.A.
1 SE 3rd Ave, 28th Floor,
Miami, FL 33131
305-374-5600

Miguel A. De Grandy, Esq.
Miguel De Grandy, P.A.
The Miami Center
201 South Biscayne Blvd.
Miami, FL 33186
305-374-6565

Broward 0:02CV60459 DG/BG

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
BROWARD COUNTY

### II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated and Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION
Constitutional Violations
**IVa.** 7-10 days estimated (for both sides) to try entire case

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)  B
☐ 153 Recovery of Overpayment of Veteran's Benefits  B
☐ 160 Stockholder's Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**A TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personnel Injury
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending B
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**B FORFEITURE PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 U.S.C. 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**A LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor Management Relations A
☐ 730 Labor Management Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret Inc Security Act B

**A BANKRUPTCY**
☐ 422 Appeal 28 U S C 158
☐ 423 withdrawal 28 U S C 157

**A PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**B SOCIAL SECURITY**
☐ 861 HIA (1395f)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ RSI (405(g))

**A FEDERAL TAX SUITS**
☐ 870 Taxes (U S Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 U S C 7609

**A OTHER STATUS**
☐ 400 States Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc B
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 U S C 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions*
   * A or B

**A REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure B
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**A CIVIL RIGHTS**
☒ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
☐ Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus and Other*
☐ 550 Civil Rights
   * A or B

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ Original Proceeding
☒ Removed from State Court
☐ Remanded from Appellate Court
☐ Refiled
☐ Transferred from another district (specify)
☐ 6. Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A
☐ UNDER F R C P 23
**CLASS ACTION DEMAND**

☐ Check YES only if demanded in complaint.
**JURY DEMAND:** ☐ yes ☒ NO

### VIII. RELATED CASE(S) IF ANY
(See Instructions)
Brown v. State of Florida, Case No. 02-60267-CIV-JORDAN/Bandstra; and
Martinez v. Bush, Case No. 02-20244-CIV-JORDAN/Bandstra

DATE April 3, 2002    4/3/02
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
FOR OFFICE USE ONLY: Receipt No. 524884    Amount: 150.00    M/ifp:

MI778260;1